SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Lisa Laukitis
Christine A. Okike
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Ron E. Meisler (*pro hac vice* pending)
Christopher M. Dressel (*pro hac vice* pending)
Jennifer Madden (*pro hac vice* pending)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel to Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* **SYNERGY PHARMACEUTICALS INC.** **420 Lexington Avenue, Suite 2012, New York, New York 10170**       **Debtor.** | **Chapter 11** Case No. 18-14010 (___) Tax I.D. No. 33-0505269 |
| *In re* **SYNERGY ADVANCED PHARMACEUTICALS, INC.** **420 Lexington Avenue, Suite 2012, New York, New York 10170**       **Debtor.** | **Chapter 11** Case No. 18-14011 (___) Tax I.D. No. 26-1124596 |

**DEBTORS' MOTION FOR ENTRY OF ORDER (I)
DIRECTING JOINT ADMINISTRATION OF CASES AND
(II) WAIVING REQUIREMENTS OF BANKRUPTCY CODE
SECTION 342(c)(1) AND BANKRUPTCY
<u>RULES 1005 AND 2002(n)</u>**

Synergy Pharmaceuticals Inc. ("**Synergy Pharmaceuticals**") and Synergy Advanced Pharmaceuticals, Inc. ("**Synergy Advanced**" and, together with Synergy Pharmaceuticals, the "**Debtors**," the "**Company**," or "**Synergy**"), the debtors and debtors-in-possession in the above-captioned cases, hereby move (this "**Motion**") this Court for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Order**") granting the relief described below. In support thereof, the Debtors refer to the contemporaneously filed *Declaration of Gary G. Gemignani in Support of Chapter 11 Petitions and First-Day Papers* (the "**First-Day Declaration**"),[1] and further represent as follows:

## RELIEF REQUESTED

1.  The Debtors respectfully request entry of an Order (a) directing the joint administration of the Chapter 11 Cases (as defined below) for procedural purposes only and (b) waiving the requirement that the caption in the Chapter 11 Cases and certain notices list the Debtors' tax identification numbers.

2.  In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all papers in the joint administered cases be as follows:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First-Day Declaration.

2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **SYNERGY PHARMACEUTICALS INC.,** *et al.*, | **Case No. 18-14010 (\_\_\_)** |
| Debtors.[1] | **Jointly Administered** |

3. In addition, the Debtors request that the Court make a separate docket entry on the docket of the Chapter 11 Case of Synergy Advanced Pharmaceuticals, Inc. substantially as follows:

> An order has been entered in this case consolidating this case with the case of Synergy Pharmaceuticals Inc., Case No. 18-14010 (\_\_\_\_), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 18-14010 (\_\_\_) should be consulted for all matters affecting this case.

## JURISDICTION AND VENUE

4. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1409 and 1409.

5. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Synergy Pharmaceuticals Inc. (5269); Synergy Advanced Pharmaceuticals, Inc. (4596). The address of the Debtors' corporate headquarters is 420 Lexington Avenue, Suite 2012, New York, New York 10170.

**BACKGROUND**

6.  On the date hereof (the "**Petition Date**") each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Debtors have requested that the Chapter 11 Cases be jointly administered.

7.  The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

8.  To date, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") has not appointed a creditors' committee in the Chapter 11 Cases, nor has any trustee or examiner been appointed therein.

9.  Synergy is a biopharmaceutical company focused on the development and commercialization of novel gastrointestinal therapies. The Company has pioneered discovery, research, and development efforts around analogs of uroguanylin, a naturally occurring human gastrointestinal peptide, for the treatment of gastrointestinal disease and disorders. Synergy's proprietary gastrointestinal platform includes one commercial product, TRULANCE, and a second product candidate, dolcanatide. The Company's business operations, corporate and capital structures, and restructuring efforts are described in greater detail in the First-Day Declaration.

**BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY**

10. If two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of the debtor and such affiliates. Fed. R. Bankr. P. 1015(b). Synergy Advanced is a wholly owned subsidiary of Synergy Pharmaceuticals. As such, Synergy Advanced is an "affiliate" of Synergy Pharmaceuticals, as that term is defined in Bankruptcy Code section 101(2) and as used in

Bankruptcy Rule 1015(b). Thus, joint administration of the Debtors' Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

11. The joint administration of the Chapter 11 Cases will promote efficiency by permitting the Clerk of the Court to use a single, general docket for the cases and to combine notice to creditors and other parties-in-interest of the Debtors' respective estates. The Debtors anticipate that almost all of the papers, hearings, and orders in the Chapter 11 Cases will relate to both of the Debtors. Moreover, the use of the simplified caption set forth above will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

12. The rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected by joint administration of these cases because the relief sought is purely procedural and will not affect parties' substantive rights.

13. This and other courts have granted similar relief in other cases. *See*, *e.g.*, *In re Chassix Holdings, Inc.*, No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015); *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014); *In re Genco Shipping & Trading Ltd.*, No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014).

**NOTICE**

14. Notice of this Motion will be given to: (a) the U.S. Trustee, (b) counsel to the administrative agent under the Debtors' Prepetition Term Loan Facility and proposed DIP Facility, (c) counsel to the Stalking-Horse Bidder, (d) the Internal Revenue Service, (e) the Securities and Exchange Commission, (f) the parties included on the Debtors' consolidated list of their 20 largest unsecured creditors, (g) the United States Attorney of the Southern District of New York, and (h) all parties entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

15. No previous request for the relief sought herein has been made to this Court or any other court.

*[Remainder of Page Intentionally Left Blank]*

## CONCLUSION

The Debtors respectfully request that this Court enter the Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: New York, New York
December 12, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Lisa Laukitis*
Lisa Laukitis
Christine A. Okike
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

− and −

Ron E. Meisler
Christopher M. Dressel
Jennifer Madden
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Proposed Counsel to Debtors
and Debtors-in-Possession*

# EXHIBIT A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* <br><br> **SYNERGY PHARMACEUTICALS INC.** <br><br> 420 Lexington Avenue, Suite 2012, New York, New York 10170 <br>          Debtor. | Chapter 11 <br><br> Case No. 18-14010 (___) <br><br> Tax I.D. No. 33-0505269 |
| *In re* <br><br> **SYNERGY ADVANCED PHARMACEUTICALS, INC.** <br><br> 420 Lexington Avenue, Suite 2012, New York, New York 10170 <br>          Debtor. | Chapter 11 <br><br> Case No. 18-14011 (___) <br><br> Tax I.D. No. 26-1124596 |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CASES AND (II) WAIVING REQUIREMENTS OF
BANKRUPTCY CODE SECTION 342(c)(1) AND
BANKRUPTCY RULES 1005 AND 2002(n)**

Upon the motion (the "**Motion**")[1] of the Debtors for an order (this "**Order**") (i) directing joint administration of these cases and administratively consolidating the respective Chapter 11 Cases of each Debtor for procedural purposes only and (ii) waiving the requirement that the captions in the Chapter 11 Cases list the Debtors' tax identification numbers and certain other information; and upon consideration of the First-Day Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby;

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED as set forth herein.

2. Each of the above-captioned Chapter 11 Cases of the Debtors be, and hereby is, jointly administered by the Court for procedural purposes only. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting any substantive consolidation of any of the Chapter 11 Cases.

3. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* <br><br> **SYNERGY PHARMACEUTICALS INC.,** *et al.*, <br><br> **Debtors.**[1] | **Chapter 11** <br><br> **Case No. 18-14010 (___)** <br><br> **Jointly Administered** |

4. Each motion, application, and notice shall be captioned as indicated in the preceding decretal paragraph and all original docket entries shall be made in the case of Synergy Pharmaceuticals Inc., Case No. 18-14010 (___).

5. A docket entry shall be made in the Chapter 11 Case of Synergy Advanced Pharmaceuticals, Inc. substantially as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Synergy Pharmaceuticals Inc. (5269); Synergy Advanced Pharmaceuticals, Inc. (4596). The address of the Debtors' corporate headquarters is 420 Lexington Avenue, Suite 2012, New York, New York 10170.

2

An order has been entered in this case consolidating this case with the case of Synergy Pharmaceuticals Inc., Case No. 18-14010 (___), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 18-14010 (___) should be consulted for all matters affecting this case.

6. The requirements under Bankruptcy Code section 342(c)(1) and Bankruptcy Rule 2002(n) that the case caption and other notices mailed in the Chapter 11 Cases include the Debtors' tax identification numbers and other identifying information about the Debtors are hereby waived. The Debtors shall include in all papers filed and each notice mailed by the Debtors a footnote listing all of the Debtors, the last four digits of their respective tax identification numbers, and the address of their corporate headquarters.

7. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: New York, New York
       December __, 2018

_____
UNITED STATES BANKRUPTCY JUDGE

1032780.04-CHISR01A - MSW