**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **SYNERGY PHARMACEUTICALS INC.,** *et al.,* | **Case No. 18-14010 (JLG)** |
| **Debtors.**[1] | **Jointly Administered** |
| | **Related Docket Nos. 271,  516 & 518** |

**ORDER (I) APPROVING THE FORM AND MANNER OF NOTICE OF THE
DISCLOSURE STATEMENT HEARING; (II) APPROVING DISCLOSURE
STATEMENT; (III) SCHEDULING HEARING ON CONFIRMATION OF PLAN;
(IV) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING
OBJECTIONS TO CONFIRMATION OF PLAN; (V) ESTABLISHING
DEADLINES AND PROCEDURES FOR VOTING ON THE PLAN; (VI)
APPROVING SOLICITATION PROCEDURES; (VII) ESTABLISHING
PROCEDURES FOR TABULATION OF VOTES; AND
(VIII) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the debtors and debtors-in-possession in the

above-captioned cases (collectively, the "**Debtors**") for entry of an order (this "**Solicitation**

**Procedures Order**"), pursuant to sections 105, 1123, 1125, 1126, and 1128 of title 11 of the

United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003, 3016, 3017, 3018, 3020, and

9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 3017-

1, 3018-1, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"**Local Bankruptcy Rules**"), (i) approving the form and manner of notice of the hearing on the

Disclosure Statement (as defined below); (ii) approving the Disclosure Statement; (iii)

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as
follows: Synergy Pharmaceuticals Inc. (5269); Synergy Advanced Pharmaceuticals, Inc. (4596). The address of the Debtors'
corporate headquarters is 420 Lexington Avenue, Suite 2012, New York, New York 10170.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

scheduling a hearing on confirmation of the Plan (as defined below); (iv) establishing deadlines

and procedures for filing objections to confirmation of the Plan; (v) establishing deadlines and

procedures for voting on the Plan; (vi) approving solicitation procedures; (vii) establishing

procedures for tabulation of votes; and (viii) granting related relief; and the Debtors having filed

the Third Amended Joint Plan of Reorganization of Synergy Pharmaceuticals Inc. and Its Debtor

Affiliate [Docket No. 516] (as the same may be amended, modified, or supplemented from time

to time, the "**Plan**") and the Third Amended Disclosure Statement for the Third Amended Joint

Plan of Reorganization of Synergy Pharmaceuticals Inc. and Its Debtor Affiliate [Docket No.

518] (as the same may be amended, modified, or supplemented from time to time, the

"**Disclosure Statement**"); and this Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. § 1334; and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this District

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided; and it appearing that no other or further notice need be provided; and all objections to

the Motion and the Disclosure Statement having been withdrawn or overruled for reasons stated

on the record at the hearing to consider approval of the Disclosure Statement; and the Court

having determined that the relief sought in the Motion is in the best interests of the Debtors, their

creditors and all other parties in interest; and this Court having determined that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and upon

the proceedings had before this Court and after due deliberation and sufficient cause appearing

therefore, it is hereby

### ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED as set forth herein.

2.    The form of notice, attached hereto as **Exhibit A-1** (the "**Disclosure Statement Hearing Notice**") and the manner utilized by the Debtors to provide such notice of the Disclosure Statement Hearing are hereby APPROVED in all respects pursuant to Bankruptcy Rules 3017(a) and 2002(b).

3.    The Disclosure Statement is hereby APPROVED in all respects pursuant to Bankruptcy Code section 1125 and Bankruptcy Rule 3017(b).

4.    The Disclosure Statement complies with Bankruptcy Rule 3016(c) and describes, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction, exculpation, and release (including third-party release) provisions contained in the Plan.

5.    The Disclosure Statement complies with all applicable Local Bankruptcy Rules.

6.    **Confirmation Hearing Date**. The hearing (the "**Confirmation Hearing**") to consider confirmation of the Plan shall commence on **April 23, 2019 at 11:00 a.m. (Eastern Time)** (the "**Confirmation Hearing Date**"), or as soon thereafter as counsel can be heard before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 601, New York, New York 10004. The Confirmation Hearing may be adjourned from time to time by way of announcement of such continuance in open court or otherwise by the Debtors or this Court, without further notice to parties in interest.

7.    **Deadline and Procedures for Filing Objections to Confirmation**. The deadline for filing and serving objections to confirmation of the Plan (the "**Plan Objection Deadline**") shall be **April 11, 2019 at 4:00 p.m. (Eastern Time)**. In order to be considered,

3

objections, if any, to confirmation of the Plan must (a) be made in writing; (b) comply with the

Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; (c) state the name and

address of the objecting party and the nature and amount of any claim or interest asserted by

such party against the Debtors, their estates or property; (d) state with particularity the legal and

factual bases and nature of any objection to the Plan; and (e) be filed with the Court, and served

on the following parties, so as to be received on or before the Plan Objection Deadline: (i)

Debtors' counsel, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York,

New York 10036, Attn: Lisa Laukitis and Christine A. Okike, and 155 N. Wacker Drive,

Chicago, Illinois 60606, Attn: Ron E. Meisler, Christopher M. Dressel, and Jennifer Madden,

and Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn:

Albert Togut, Neil M. Berger, and Kyle J. Ortiz; (ii) counsel to the Committee, Latham &

Watkins LLP, 885 Third Avenue, New York, New York 10022, Attn: Blake Denton, Christopher

Harris, and Jeffrey Mispagel, and 330 North Wabash Avenue, Suite 2800, Chicago, Illinois

60611, Attn: Richard A. Levy and Matthew L. Warren; (iii) counsel to the Term Loan Agent and

DIP Agent, Venable LLP, 1270 Avenue of the Americas, New York, New York 10020,

Attention: Jeffrey S. Sabin; (iv) counsel to the Senior Notes Indenture Trustee, Pryor Cashman

LLP, 7 Times Square, New York, New York 10036, Attn: Seth H. Lieberman, Patrick Sibley and

Matthew W. Silverman; (v) William K. Harrington, United States Trustee For Region 2, United

States Department of Justice, Office of the United States Trustee, 201 Varick Street, Room 1006,

New York, New York 10014, Attn: Greg M. Zipes, Esq. and Benjamin J. Higgins, Esq.; (vi)

proposed counsel for the Official Committee of Equity Security Holders, Gibson, Dunn &

Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Mark M. Feldman, Esq.,

Matthew K. Kelsey, Esq., and Alan Moskowitz, Esq., and 3161 Michelson Drive, Irvine,

California 92614, Attn: Oscar Garza and Matthew G. Bouslog; (vii) the Securities and Exchange

Commission, 200 Vesey Street, Suite 400, New York, New York 10281, Attn: Bankruptcy

Department; (viii) the Office of the United States Attorney for the Southern District of New

York, 86 Chambers Street, 3rd Floor, New York, New York 10007; (ix) the Food and Drug

Administration, 10903 New Hampshire Ave, Silver Spring, Maryland, 20993-0002, Attn: Legal

Department; and (x) the Internal Revenue Service, 290 Broadway, New York, New York 10007,

Attn: District Director (collectively, the "**Notice Parties**"). Confirmation objections shall be filed

and served so as to be received by the Notice Parties no later than the Plan Objection Deadline.

The Debtors' reply to any objections shall be filed and delivered to this Court no later than **April

18, 2019 at 12:00 p.m. (Eastern Time).**

8.      Objections to confirmation of the Plan not timely filed and served in

accordance with the provisions of the prior paragraph may not be considered by the Court and

may be overruled.

9.      **Record Date**. The record date for purposes of determining (a) creditors

and equity holders entitled to receive Solicitation Packages and related materials, if any, and

(b) creditors entitled to vote to accept or reject the Plan, shall be **March 5, 2019** (the "**Record

Date**").

10.     **Deadline and Procedures for Temporary Allowance of Claims for

Voting Purposes**. The deadline for filing and serving motions pursuant to Bankruptcy Rule

3018(a) seeking temporary allowance of claims for the purpose of accepting or rejecting the Plan

("**Rule 3018(a) Motions**") shall be **April 4, 2019 at 4:00 p.m. (Eastern Time)** (the "**Rule

3018(a) Motion Deadline**").

11.     In order to be considered, Rule 3018(a) Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules; (c) state the name and address of the party asserting the 3018(a) Motion; (d) state with particularity the legal and factual bases for the Rule 3018(a) Motion; and (e) be filed with the Court, and served on the Notice Parties, so as to be received no later than the Rule 3018(a) Motion Deadline. Rule 3018(a) Motions not timely filed and served in accordance with the foregoing provision shall not be considered by the Court and shall be overruled.

12.     Any party timely filing and serving a Rule 3018(a) Motion shall be provided a Ballot (as defined below) and shall be permitted to cast a provisional vote to accept or reject the Plan, pending a final determination of such Rule 3018(a) Motion by the Court. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion prior to the Confirmation Hearing, such Rule 3018(a) Motion shall be considered by the Court at the Confirmation Hearing, and the Court shall determine whether the provisional ballot should be counted as a vote on the Plan, and, if so, the amount, if any, in which the party filing the Rule 3018(a) Motion will be entitled to vote.[3]

13.     **Voting Deadline**. To be counted, Ballots (including Master Ballots) for accepting or rejecting the Plan must be received by the Voting Agent by **April 11, 2019 at 4:00 p.m. (Eastern Time)** (the "**Voting Deadline**"). The Debtors are hereby authorized to extend, in their sole discretion, by written notice to the Voting Agent, the period of time during which Ballots will be accepted for any reason from any creditor or class of creditors.

14.     **Treatment of Certain Unliquidated, Contingent, or Disputed Claims for Voting and Distribution Purposes**. Creditors whose claims are not scheduled or who hold

---

[3]    Claims will be determined for distribution purposes in accordance with the procedures set forth in the Plan.

claims that are scheduled as disputed, contingent, or unliquidated are required to timely file proofs of claim by the applicable Bar Date in order to be treated as creditors with respect to such claims for voting and distribution purposes. "**Non-Voting Claims**" shall mean claims which are not the subject of a timely filed proof of claim, or a proof of claim deemed timely filed with the Court pursuant to either the Bankruptcy Code or other order of the Court, or otherwise deemed timely filed under applicable law, and (i) are scheduled in Debtors' Schedules as disputed, contingent, or unliquidated; or (ii) are not scheduled. Creditors holding Non-Voting Claims shall be denied treatment as creditors with respect to such claims for purposes of voting on the Plan.

15.     **Voting Procedures**. For purposes of voting, the amount of a claim used to calculate acceptance or rejection of the Plan under section 1126 of the Bankruptcy Code shall be determined in accordance with the following hierarchy:

(a)     if an order has been entered by the Court determining the amount of such claim, whether pursuant to Bankruptcy Rule 3018 or otherwise, then in the amount prescribed by the order;

(b)     if no such order has been entered, then in the liquidated amount contained in a timely filed proof of claim that is not the subject of a timely filed objection; and

(c)     if no such proof of claim has been timely filed, then in the liquidated, noncontingent, and undisputed amount contained in the Debtors' Schedules.

16.     For purposes of voting, the following conditions shall apply to determine the amount and/or classification of a claim:

(a)     if a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amount;

(b)     if a scheduled or filed claim has been paid, such claim shall be disallowed for voting purposes;

(c)     the holder of a timely filed proof of claim that is filed in a wholly unliquidated, contingent, disputed, and/or unknown amount, and is

7

not the subject of a timely filed objection, is entitled to vote in the amount of $1.00;

(d)    if the Debtors have filed an objection to or a request for estimation of a claim on or before March 28, 2019 at 4:00 p.m. (Eastern Time), such claim is temporarily disallowed for voting purposes, except as ordered by the Court; *provided*, *however*, that, if the Debtors' objection seeks only to reclassify or reduce the allowed amount of such claim, then such claim is temporarily allowed for voting purposes in the reduced amount and/or as reclassified (as applicable) pursuant to the objection filed, except as may be ordered by this Court before the Voting Deadline; and

(e)    claims filed for $0.00 are not entitled to vote.

17.    **Notice and Transmittal of Solicitation Packages Including Ballots and Non-Voting Packages**. Within three days after the date of entry of this Solicitation Procedures Order by the Court, the Debtors shall mail or cause to be mailed by first-class mail to all of their known creditors, record holders of equity securities as of the Record Date, the Senior Notes Indenture Trustee, the Term Loan Agent and DIP Agent, and all other entities required to be served under Bankruptcy Rules 2002 and 3017, notice of, *inter alia*, the Confirmation Hearing substantially in the form attached hereto as **Exhibit A-2** (the "**Confirmation Hearing Notice**"), which form is hereby approved.

18.    **Non-Voting Packages**. In addition, the Debtors shall mail or cause to be mailed by first-class mail to (a) holders of claims in Class 1 (Other Priority Claims) and Class 2 (Other Secured Claims) under the Plan, which classes are unimpaired, are conclusively presumed to have accepted the Plan, and are not entitled to vote, a copy of the Notice Of Non-Voting Status With Respect To Unimpaired Classes, substantially in the form attached hereto as **Exhibit B-1**; and (b) holders of claims or interests in Class 5 (510(b) Claims), Class 6 (Intercompany Claims), Class 7 (Intercompany Interests), and Class 8 (Interests), which classes are impaired, are deemed to have rejected the Plan, and are not entitled to vote, a copy of the Notice Of Non-

8

Voting Status With Respect To Impaired Classes, substantially in the form attached hereto as **Exhibit B-2**. The Debtors shall also mail or cause to be mailed by first-class mail to holders of Non-Voting Claims, a copy of the Notice Of Non-Voting Status With Respect To (1) Contingent, Unliquidated, Or Disputed Claims, (2) Claims Scheduled As Zero Or Unknown In Amount, Or (3) Claims To Which The Debtors Have Filed An Objection, substantially in the form attached hereto as **Exhibit B-3** (the Notice Of Non-Voting Status With Respect To (1) Contingent, Unliquidated, Or Disputed Claims, (2) Claims Scheduled As Zero Or Unknown In Amount, Or (3) Claims To Which The Debtors Have Filed An Objection; the Notice Of Non-Voting Status With Respect To Unimpaired Classes and the Notice Of Non-Voting Status With Respect To Impaired Classes; each a "**Non-Voting Notice**" and, each Non-Voting Notice together with the Confirmation Hearing Notice, a "**Non-Voting Package**"); *provided*, *however*, that each Debtor with a Class 6 (Intercompany Claim) and Class 7 (Intercompany Interest) will be deemed to have received the Non-Voting Package without actually mailing such Non-Voting Package to such Debtor. The Notice Of Non-Voting Status With Respect To Unimpaired Classes, substantially in the form of **Exhibit B-1**, the Notice Of Non-Voting Status With Respect To Impaired Classes, substantially in the form of **Exhibit B-2**, and the Notice Of Non-Voting Status With Respect To (1) Contingent, Unliquidated, Or Disputed Claims, (2) Claims Scheduled As Zero Or Unknown In Amount, Or (3) Claims To Which The Debtors Have Filed An Objection substantially in the form of **Exhibit B-3**, are hereby approved.

19.    **Solicitation Packages**. The Debtors shall mail or cause to be mailed by first-class mail to holders of claims in Class 3 (Term Loan Claims) and Class 4 (General Unsecured Claims) under the Plan, who are entitled to vote on the Plan, an information and solicitation package (the "**Solicitation Package**"). The Solicitation Package shall contain copies

or conformed printed versions of: (i) the Disclosure Statement, including a copy of the Plan as an

Exhibit; (ii) a copy of this Solicitation Procedures Order (without exhibits); and (iii) the

Confirmation Hearing Notice. In addition, each Solicitation Package also shall contain one or

more ballots (and a pre-addressed, postage-prepaid return envelope) appropriate for the specific

creditor, in substantially the forms of the proposed ballots collectively attached hereto as

**Exhibits C-1 through C-3** (as such ballots may be modified for particular classes and with

instructions attached thereto, the "**Ballots**"), which forms of Ballots are hereby approved, and to

the extent appropriate, and at the discretion of the Debtors, an Internal Revenue Service form W-

9 (Request for Taxpayer Identification Number and Certification) to be returned with a party's

Ballot.

20.     The Debtors, in their discretion, may provide the Disclosure Statement,

including the Plan as **Exhibit A**, and this Solicitation Procedures Order in the form of a CD-

ROM or USB flash drive in an Adobe Acrobat (PDF) standard format, rather than in paper

copies. Parties may submit a request to the Voting Agent (as defined below) if they prefer paper

copies of the Disclosure Statement and Plan and all such requests shall be fulfilled promptly.[4]

21.     Creditors holding (a) unclassified claims or unimpaired claims and also (b)

claims in a class that is designated as impaired and entitled to vote under the Plan shall receive

only the Solicitation Package appropriate for the applicable impaired class; and creditors who

have filed duplicate claims in any given class (i) shall receive only one Solicitation Package and

one Ballot for voting in the amount of a single claim with respect to that class; and (ii) shall be

---

[4]     The Disclosure Statement and Plan and all other documents filed in these Chapter 11 Cases are available free of
charge on the Debtors' case website at https://cases.primeclerk.com/synergy/.

entitled to vote their claim only once with respect to that class whether or not an objection is

pending with respect to such claim.

22.      Except to the extent the Debtors determine otherwise, the Debtors are not

required to provide a copy of the Solicitation Package to certain holders of Claims or Interests

that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code.

23.      **Procedures for Transmittal to Record Holders of Securities**. The

Solicitation Package shall be mailed in accordance with the procedures outlined above to (a)

each directly registered holder of the Debtors' 7.50% Senior Convertible Notes with a maturity

date of November 1, 2019 (the "**Senior Notes**") as of the Record Date, and (b) each broker,

commercial bank, transfer agent, trust company, dealer, or other intermediary or nominee, or

their mailing agent thereof (each a "**Nominee**") identified by the Debtors' Voting Agent as an

entity through which beneficial holders indirectly hold the Senior Notes. The Notice Of Non-

Voting Status With Respect To Impaired Classes shall be mailed to (a) each directly registered

holder of Interests in Synergy Pharmaceuticals as of the Record Date, (b) each holder that timely

filed a proof of claim asserting a Section 510(b) Claim prior to the applicable Bar Date, and (c)

each Nominee identified by the Debtors' Voting Agent as an entity through which beneficial

holders indirectly hold Interests in Synergy Pharmaceuticals. The Debtors are authorized to send

Solicitation Packages or the Notice Of Non-Voting Status With Respect To Impaired Classes, as

applicable, to Nominees in paper format and/or via electronic transmission in accordance with

the customary requirements of each Nominee.

24.      **Labels for Record Holders**. Wilmington Savings Fund Society, FSB,

successor indenture trustee under the Senior Notes, will, at the request of the Debtors, timely

cooperate in (a) providing the Voting Agent with the names, addresses, account numbers, and

11

holdings of the respective directly registered holders as of the Record Date, in spreadsheet format, or (b) confirming that there are no directly registered holders as of the Record Date.

25.     **Dissemination to Beneficial Holders**. The Nominees through which beneficial holders hold Senior Notes shall promptly distribute Solicitation Packages to such holders and cooperate with the Voting Agent to accomplish such distribution, in any case no later than five business days after receipt by the Nominees of the Solicitation Packages.

26.     **Voting by Beneficial Holders of Senior Notes**. Nominees shall obtain the votes of beneficial holders of Senior Notes by forwarding the Solicitation Package to each beneficial holder of the Senior Notes for whom it acts as a Nominee for voting so that the beneficial holder may return its vote directly to its Nominee. The Voting Agent shall send Solicitation Packages in paper format or via electronic transmission in accordance with the customary requirements of each Nominee. Each Nominee shall then distribute the Solicitation Packages, as appropriate, in accordance with its customary practices and obtain votes to accept or reject the Plan also in accordance with its customary practices. If it is the Nominee's customary and accepted practice to submit a "voting instruction form" to the beneficial holders for the purpose of recording the beneficial holder's vote, the Nominee is authorized to send the voting instruction form; *provided*, *however*, that the Nominee shall also distribute to the beneficial holder the appropriate Beneficial Holder Ballot approved by this Solicitation Procedures Order. Nominees shall summarize the individual votes of their respective beneficial holders cast on their Beneficial Holder Ballots on a master Ballot, in substantially the form of the Master Ballot attached hereto as **Exhibit C-4** (the "**Master Ballot**"), as applicable, and then return the Master Ballot to the Voting Agent. The Master Ballot substantially in the form attached hereto as **Exhibit C-4** is hereby approved.

12

27.     **When No Notice or Transmittal Necessary**. Notwithstanding any provision of this Solicitation Procedures Order to the contrary, no notice or service of any kind shall be required to be made upon any person to whom the Debtors mailed a notice of the meeting of creditors under section 341 of the Bankruptcy Code or notice of the Bar Date for filing proofs of claim and received either of such notices returned by the United States Postal Service marked "undeliverable as addressed," "moved — left no forwarding address," "forwarding order expired," or similar marking or reason, unless the Debtors have been informed in writing by such person of that person's new address.

28.     The Debtors shall not re-mail undelivered Solicitation Packages or other undeliverable solicitation-related notices that were returned marked "undeliverable as addressed," "moved — left no forwarding address," "forwarding order expired" or similar marking or reason, unless the Debtors have been informed in writing by such person of that person's new address.

29.     **Publication Notice**. The Debtors shall publish notice of the Confirmation Hearing, substantially in the form attached hereto as **Exhibit D**, once within ten business days after the entry of this Solicitation Procedures Order in the national and international editions of *The New York Times*.

30.     **Voting Agent**. In connection with the solicitation of votes with respect to the plan, Prime Clerk LLC ("**Prime Clerk**") shall serve as voting agent for all creditors entitled to vote on the plan (the "**Voting Agent**"). The Voting Agent is authorized and directed to assist the Debtors in (a) mailing the Solicitation Packages and other notices, (b) soliciting votes on the Plan, (c) receiving and tabulating Ballots cast on the Plan, (d) certifying to the Court the results of the balloting, and (e) responding to inquiries from creditors relating to the Plan, the Disclosure

Statement, the Ballots, and matters related thereto. Ballots not received by the Voting Agent shall be deemed invalid and shall not be counted.

31.     **Procedures for Vote Tabulation; Votes Counted**. Any Ballot or Master Ballot, as appropriate, that is properly executed and timely received, and that is cast as either an acceptance or rejection of the Plan, shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan. The failure of a holder of a claim in Classes 3 or 4 to timely deliver a properly executed Ballot shall be deemed to constitute an abstention by such holder with respect to voting on the Plan, and such abstention will not be counted as a vote for or against the Plan.

32.     In addition to accepting Ballots by regular mail, overnight courier or hand delivery, the Debtors seek authority to accept Ballots via electronic, online transmission through a customized electronic Ballot by utilizing the E-Ballot platform on Prime Clerk's website. Holders may cast an E-Ballot and electronically sign and submit such electronic Ballot via the E-Ballot platform. Instructions for casting an electronic Ballot can be found on the "E-Ballot" section of Prime Clerk's website. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any electronic Ballot submitted in this manner and the creditor's electronic signature will be deemed to be an original signature that is legally valid and effective. For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot platform (cases.primeclerk.com/synergy).

33.     For purposes of voting, classification, and treatment under the Plan, at the election of the Debtors, (i) each holder of a claim that holds or has filed more than one non-duplicative claim against one or more of the Debtors in an impaired class shall be treated as if such holder has only one claim for the applicable class; (ii) the claims filed by such holder shall

14

be aggregated in each applicable class; and (iii) the total dollar amount of such holder's claims in each applicable class against each Debtor shall be the sum of the aggregated claims of such holder against those Debtors in each applicable class.

34.    Each record holder or beneficial holder of the Term Loan Claims or Senior Notes Claims shall be deemed to have voted the full principal amount of its claim relating to such claim, as of the Record Date, notwithstanding anything to the contrary on the Ballot.

35.    For purposes of the Record Date, no transfer of claims pursuant to Bankruptcy Rule 3001 shall be recognized unless either (i) (a) documentation evidencing such transfer was filed with the Court on or before 21 days prior to the Record Date and (b) no timely objection with respect to such transfer was filed by the transferor; or (ii) the parties to such transfer waived the 21-day period in the evidence of transfer and the evidence of transfer was docketed at least one business day prior to the Record Date.

36.    **Procedures for Vote Tabulation, Votes Not Counted**. Unless otherwise ordered by the Court after notice and a hearing, the following Ballots or Master Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

  (a) any Ballot or Master Ballot received after the Voting Deadline (as extended by the Debtors as provided herein);

  (b) any Ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

  (c) any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

  (d) any Ballot cast for a claim (i) scheduled as contingent, unliquidated, or disputed or as zero or as unknown in amount and (ii) for which no proof of claim is timely filed and no Rule 3018(a) Motion has been filed by the Rule 3018(a) Motion Deadline;

(e)     any Ballot that indicates neither an acceptance nor a rejection, or indicates both an acceptance and rejection, of the Plan;

(f)     any Ballot (other than a Master Ballot) that casts part of its vote in the same class to accept the Plan and part to reject the Plan;

(g)     any form of Ballot or Master Ballot other than the official form sent by the Voting Agent, or a copy thereof;

(h)     any Ballot received that the Voting Agent cannot match to an existing database record;

(i)     any Ballot or Master Ballot that does not contain an original signature if submitted by mail, courier, or hand delivery;

(j)     any Ballot or Master Ballot that does not contain an electronic signature if submitted through the E-Ballot platform on Prime Clerk's website; or

(k)     any Ballot or Master Ballot that is submitted by facsimile, email, or by any means of electronic submission other than the E-Ballot platform on Prime Clerk's website.

37.     The following procedures and general assumptions shall govern tabulation of the Ballots:

(a)     Any creditor who has filed or purchased duplicate claims within the same class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claim;

(b)     Ballots postmarked prior to the Voting Deadline, but received after the Voting Deadline, shall not be counted;

(c)     If a creditor simultaneously casts inconsistent duplicate ballots with respect to the same claim, such ballots cannot be counted; and

(d)     The Debtors, in their discretion, may waive any defect in any Ballot.

38.     Neither the Debtors, the Voting Agent nor any other person or entity shall be under any duty to provide notification of defects or irregularities with respect to delivered

Ballots. Rather, the Voting Agent may either disregard, with no further notice, defective Ballots, or it may attempt to have defective Ballots cured.

39.    **Withdrawal of Vote**. Any party who has delivered a valid Ballot for the acceptance or rejection of the Plan may withdraw, subject to the Debtors' right to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented by such claim(s), (b) be signed by the withdrawing party in the same manner as the Ballot being withdrawn, (c) contain a certification that the withdrawing party owns the claim(s) and possesses the right to withdraw the Ballot sought to be withdrawn, and (d) be timely received by the Voting Agent prior to the Voting Deadline.

40.    **Changing Votes**. Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots or Master Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last valid Ballot or Master Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and thus supersede any prior Ballots or Master Ballots, as the case may be, without prejudice to the Debtors' right to object to the validity of the later Ballot or Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the first dated Ballot or Master Ballot for all purposes.

41.    **No Division of Claims or Votes**. Except as it may relate to the procedures implemented with respect to the Master Ballots, (a) a creditor who votes must vote the full amount of each claim voted either to accept or reject the Plan; and (b) each creditor who votes and holds multiple claims within a particular class must vote all such claims to either accept or

reject the Plan. The Ballots of creditors failing to vote in the manner specified in this paragraph shall not be counted for any purpose.

42.     **Procedures for Counting Ballots from Holders of Senior Notes Claims**. Nominees through which beneficial holders hold Senior Notes Claims shall receive and summarize on a Master Ballot all beneficial holder Ballots cast by the beneficial holders they serve and then return the Master Ballot to the Voting Agent on or before the Voting Deadline.

43.     Notwithstanding anything to the contrary herein, Nominees may provide Master Ballots to the Voting Agent via email at synergyballots@primeclerk.com prior to the Voting Deadline.

44.     Nominees shall be required to retain for inspection by the Court for one year following the Voting Deadline the Ballots cast by their beneficial holders.

45.     Nominees may elect to pre-validate the Beneficial Holder Ballot (a "**Pre-Validated Ballot**") by (a) signing the applicable Beneficial Holder Ballot and including its Depository Trust Company Participant Number, (b) indicating on the Beneficial Holder Ballot the account number of such holder, and the principal amount of Senior Notes held by the Nominee for the benefit of such beneficial holder, and (c) forwarding the Beneficial Holder Ballot (together with the full Solicitation Package) to the beneficial holder for voting. The beneficial holder must then complete the information requested in the Beneficial Holder Ballot (including indicating a vote to accept or reject the Plan), reviewing the certifications contained therein, and returning the Beneficial Holder Ballot directly to the Voting Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is actually received by the Voting Agent on or before the Voting Deadline. A list of beneficial holders to

18

whom the Nominee sent Pre-Validated Ballots shall be maintained by the Nominee for inspection for at least one (1) year following the Voting Deadline.

46.      Votes cast by the beneficial holders through a Nominee and transmitted by means of a Master Ballot or a Pre-Validated Ballot shall be applied against the positions held by such Nominees as evidenced by the list of record holders of the Senior Notes or provided by the applicable securities depository. Votes submitted by a Nominee on a Master Ballot shall not be counted in excess of the position maintained by the respective Nominee on the Record Date.

47.      To the extent that conflicting, double, or over-votes are submitted on Master Ballots, the Voting Agent shall attempt to resolve such votes prior to the vote certification in order to ensure that the votes of beneficial holders of Senior Notes are accurately tabulated. Further, to the extent that such conflicting, double, or over-votes are not reconciled prior to the vote certification, the Voting Agent shall count votes in respect of each Master Ballot in the same proportion as the votes of the beneficial holders to accept or reject the Plan submitted on such Master Ballot, but only to the extent of the applicable Nominee's position on the Record Date in the Senior Notes.

48.      For the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its securities; any principal amounts thus voted may be thereafter adjusted by the Voting Agent, on a proportionate basis to reflect the corresponding claim amount, including any accrued but unpaid prepetition interest, to the extent allowed, with respect to the securities thus voted.

49.      Nominees are authorized to complete multiple Master Ballots, and the votes reflected by such multiple Master Ballots should be counted, except to the extent that they

are duplicative of the other Master Ballots. If two or more Master Ballots submitted are inconsistent in whole or in part, the last valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior Master Ballot, subject to the Debtors' rights to object to the validity of any subsequently received Master Ballot on any basis permitted by law, including Bankruptcy Rule 3018(a) and, if such objection is sustained, the prior Master Ballot then shall be counted.

50.    **Classes Deemed to Reject**. The holders of claims in Classes 5, 6, 7, and 8 shall be deemed to have rejected the Plan, and the Debtors are not required to solicit votes on the Plan from such holders.

51.    **Voting Classes; Deemed Acceptance by Non-Voting Classes**. If a class contains claims or interests eligible to vote and no holders of claims or interests eligible to vote in such class vote to accept or reject the Plan, the Plan will be deemed accepted by the holders of such claims or interests in such class.

52.    **Certification of Vote**. The Voting Agent shall file its voting certification (the "**Voting Certification**") on or before **April 15, 2019**. The Debtors shall serve such Voting Certification on all parties having requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002, and post such Voting Certification on the Debtors' case website as soon as practicable after the Voting Certification is filed.

53.    **Service and Notice Adequate and Sufficient**. Service of all notices and documents described herein in the time and manner set forth herein shall constitute due, adequate and sufficient notice, and no other or further notice shall be necessary.

54.    The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, Ballots, Master Ballots, and related documents without further

order of the Court, including without limitation, changes to correct typographical and

grammatical errors and to make conforming changes among the Disclosure Statement, the Plan,

and any other related materials prior to their mailing to parties in interest.

      55.    The Court shall retain jurisdiction to implement, interpret, and effectuate

the provisions of this Solicitation Procedures Order.

Dated: New York, New York
      March 13, 2019

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY JR.
UNITED STATES BANKRUPTCY JUDGE