**Hearing Date: April 9, 2019 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: April 2, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Lisa Laukitis<br>Christine A. Okike<br>Four Times Square<br>New York, New York 10036-6522<br>Telephone: (212) 735-3000<br>Fax: (212) 735-2000 | TOGUT, SEGAL & SEGAL LLP<br>Albert Togut<br>Neil M. Berger<br>Kyle J. Ortiz<br>One Penn Plaza<br>Suite 3335<br>New York, New York 10119<br>Telephone: (212) 594-5000<br>Fax: (212) 967-4258 |

– and –

Ron E. Meisler (admitted *pro hac vice*)
Christopher M. Dressel (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsels to Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| *In re* | : | **Chapter 11** |
| | : | |
| **SYNERGY PHARMACEUTICALS INC.,** *et al.*, | : | **Case No. 18-14010 (JLG)** |
| | : | |
| **Debtors.**[1] | : | **Jointly Administered** |
| | : | |

**NOTICE OF DEBTORS' MOTION FOR AN ORDER EXTENDING DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND SOLICIT**
**<u>ACCEPTANCES THEREOF</u>**

      **PLEASE TAKE NOTICE** that Synergy Pharmaceuticals Inc. and its affiliate,

the debtors and debtors-in-possession in the above-captioned cases (collectively, the "**Debtors**")

hereby file the annexed *Debtors' Motion for an Order Extending Debtors' Exclusive Periods to*

*File a Plan of Reorganization and Solicit Acceptances Thereof* (the "**Motion**").

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Synergy Pharmaceuticals Inc. (5269); Synergy Advanced Pharmaceuticals, Inc. (4596). The address of the Debtors' corporate headquarters is 620 Lee Road, Chesterbrook, Pennsylvania 19087.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held before the before the Honorable James L. Garrity Jr., United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**"), on **April 9, 2019 at 11:00 a.m. (Prevailing Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion and the relief requested therein, must be made in writing and (a) filed with the Bankruptcy Court no later than **4:00 p.m. (Prevailing Eastern Time) on April 2, 2019** (the "**Objection Deadline**") and (b) served so as to be actually received by the following parties by the Objection Deadline:

i. the Debtors, Synergy Pharmaceuticals Inc., 620 Lee Road, Chesterbrook, Pennsylvania 19087;

ii. counsel to the Debtors, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036, Attn: Lisa Laukitis (Lisa.Laukitis@skadden.com) and Christine A. Okike (Christine.Okike@skadden.com), and 155 North Wacker Drive, Chicago, IL 60606, Attn: Ron E. Meisler (Ron.Meisler@skadden.com), Christopher M. Dressel (Christopher.Dressel@skadden.com), and Jennifer Madden (Jennifer.Madden@skadden.com);

iii. co-counsel to the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, New York 10119, Attn: Albert Togut (altogut@teamtogut.com), Neil M. Berger (neilberger@teamtogut.com), and Kyle J. Ortiz (kortiz@teamtogut.com);

iv. William K. Harrington, United States Trustee For Region 2, United States Department of Justice, Office of the United States Trustee, 201 Varick Street, Room 1006, New York, New York 10014, Attn: Greg Zipes, Esq. (greg.zipes@usdoj.gov) and Benjamin J. Higgins, Esq. (benjamin.j.higgins@usdoj.gov);

v. counsel to the administrative agent under the Debtors' prepetition term loan facility and DIP facility, Venable LLP, 1270 Avenue of the Americas, New York, New York 10020, Attn: Jeffrey S. Sabin (jssabin@venable.com);

vi. counsel to the indenture trustee under the Debtors' prepetition senior notes, Pryor Cashman LLP, 7 Times Square, New York, New York 10036, Attn: Seth H. Lieberman (slieberman@pryorcashman.com), Patrick Sibley (psibley@pryorcashman.com), and Matthew W. Silverman (msilverman@pryorcashman.com);

vii. the Securities and Exchange Commission, 200 Vesey Street, Suite 400, New York, New York 10281, Attn: Bankruptcy Department (bankruptcynoticeschr@sec.gov and nyrobankruptcy@sec.gov);

viii.   the Office of the United States Attorney for the Southern District of New York, 86 Chambers Street, 3rd Floor, New York, New York 10007;

ix.   the Food and Drug Administration, 10903 New Hampshire Avenue, Silver Spring, Maryland, 20993-0002, Attn: Legal Department;

x.   counsel for the Official Committee of Unsecured Creditors, Latham & Watkins LLP, 330 North Wabash Avenue, Suite 2800, Chicago, Illinois 60611, Attn: Richard A. Levy (Richard.Levy@lw.com) and Matthew Warren (Matthew.Warren@lw.com), and 885 Third Avenue, New York, New York 10022, Attn: Jeffrey Mispagel (Jeffrey.Mispagel@lw.com); and

xi.   counsel for the Official Committee of Equity Security Holders; Gibson, Dunn & Crutcher, 200 Park Avenue, New York, New York 10166-0193, Attn: David Feldman (dfeldman@gibsondunn.com) and Alan Moskowitz (amoskowitz@gibsondunn.com).

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Motion, with proof of service, is filed with the Bankruptcy Court and two single-sided courtesy copies delivered to the Honorable James L. Garrity Jr.'s chambers by the Objection Deadline, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order attached to the Motion, which order may be entered with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, (ii) contacting the Office of the Clerk of the Court at United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004, or (iii) from the Debtors' notice and claims agent, Prime Clerk, LLC, at https://cases.primeclerk.com/Synergy or by calling 1-855-388-4579 (toll free from the U.S. and Canada); or 1-646-795-6978 (international) or by e-mail at synergyinfo@primeclerk.com. Note that a PACER password is needed to access documents on the Court's website.

Dated: New York, New York
March 21, 2019

        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

        */s/ Ron E. Meisler*
        Lisa Laukitis
        Christine A. Okike
        Four Times Square
        New York, New York 10036-6522
        Telephone: (212) 735-3000
        Fax: (212) 735-2000

        – and –

        Ron E. Meisler (admitted *pro hac vice*)
        Christopher M. Dressel (admitted *pro hac vice*)
        Jennifer Madden (admitted *pro hac vice*)
        155 North Wacker Drive
        Chicago, Illinois 60606-1720
        Telephone: (312) 407-0700
        Fax: (312) 407-0411

        TOGUT, SEGAL & SEGAL LLP
        Albert Togut
        Neil M. Berger
        Kyle J. Ortiz
        One Penn Plaza
        Suite 3335
        New York, New York 10119
        Telephone: (212) 594-5000
        Fax: (212) 967-4258

        *Counsels to Debtors*
        *and Debtors-in-Possession*

**Hearing Date: April 9, 2019 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: April 2, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP<br>Lisa Laukitis<br>Christine A. Okike<br>Four Times Square<br>New York, New York 10036-6522<br>Telephone: (212) 735-3000<br>Fax: (212) 735-2000 | TOGUT, SEGAL & SEGAL LLP<br>Albert Togut<br>Neil M. Berger<br>Kyle J. Ortiz<br>One Penn Plaza<br>Suite 3335<br>New York, New York 10119<br>Telephone: (212) 594-5000<br>Fax: (212) 967-4258 |

– and –

Ron E. Meisler (admitted *pro hac vice*)
Christopher M. Dressel (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

*Counsel to Debtors*            *Counsel to Debtors*
*and Debtors-in-Possession*     *and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re*<br><br>**SYNERGY PHARMACEUTICALS INC.**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 18-14010 (JLG)<br><br>Jointly Administered |

**DEBTORS' MOTION FOR AN ORDER EXTENDING
DEBTORS' EXCLUSIVE PERIODS TO FILE A
PLAN OF REORGANIZATION AND SOLICIT
<u>ACCEPTANCES THEREOF</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Synergy Pharmaceuticals Inc. (5269); Synergy Advanced Pharmaceuticals, Inc. (4596). The address of the Debtors' corporate headquarters is 620 Lee Road, Chesterbrook, Pennsylvania 19087.

Synergy Pharmaceuticals Inc. ("**Synergy Pharmaceuticals**") and Synergy Advanced Pharmaceuticals, Inc. ("**Synergy Advanced**" and, together with Synergy Pharmaceuticals, the "**Debtors**," the "**Company**," or "**Synergy**"), the debtors and debtors-in-possession in the above-captioned cases, hereby move (this "**Motion**") this Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), granting the relief described below. In support of this Motion, the Debtors further represent as follows:

## PRELIMINARY STATEMENT

1. The Debtors have made tremendous progress in a short period of time and are now poised to seek confirmation of their Plan[2] and exit bankruptcy in the near future. In the approximately three months since the Petition Date, the Debtors have:

- obtained interim and final approval of their DIP Facility and consensually resolved the Creditors' Committee's objections thereto;
- successfully negotiated bidding procedures to govern the sale of substantially all of the Debtors' assets and conducted a robust postpetition marketing process in accordance with those bidding procedures;
- obtained approval of, and successfully closed, the sale of substantially all of their assets to the Purchaser;
- negotiated a multilateral resolution of disputes concerning the Plan's release and exculpation provisions and other disputed elements of the Plan, culminating in the Plan Settlement Stipulation pursuant to which the Creditors' Committee agreed to support the Plan and the Equity Committee agreed not to object to certain key provisions of the Plan; and
- preserved ordinary-course business operations through the closing date of the sale of substantially all of the Debtors' assets and otherwise administered their Chapter 11 Cases as efficiently and expeditiously as possible.

The Debtors' swift progress in these Chapter 11 Cases positioned the Debtors to file and commence solicitation of acceptances on their proposed Plan with the respective 120- and 180-day exclusive periods for filing and soliciting acceptances of a plan set forth in Bankruptcy Code

---

[2] Certain capitalized terms used in this Preliminary Statement are defined below.

section 1121. Accordingly, if the Debtors' proposed plan solicitation and confirmation process continues in accordance with the timeline set forth in the Disclosure Statement Order, no extension of these exclusive periods will be strictly necessary.

2.     Nonetheless, the Debtors seek, out of an abundance of caution, a 60-day extension of their Exclusivity Periods in order to safeguard their exclusive rights against any unexpected contingencies. As set forth in greater detail below, the facts and circumstances of these Chapter 11 Cases, including the ample progress the Debtors have made thus far, more than justify the extension of exclusivity requested by this Motion.

## RELIEF REQUESTED

3.     The Debtors request entry of an order extending the periods within which only the Debtors may file and solicit acceptances of a chapter 11 plan by 60 days. Unless extended, the Debtors' initial 120-day period after the petition date within which the Debtors have the exclusive right to file a chapter 11 plan of reorganization (the "**Plan Period**") and the initial 180-day period after the petition date within which the Debtors have the exclusive right to solicit and obtain acceptances of a plan filed by the Debtors during the Plan Period (the "**Solicitation Period**" and, together with the Plan Period, the "**Exclusivity Periods**") will expire on April 11, 2019, and June 10, 2019, respectively. Although the Debtors have filed the *Third Amended Joint Plan of Reorganization of Synergy Pharmaceuticals Inc. and its Debtor Affiliate* [Docket No. 516] (the "**Plan**") and currently are soliciting votes on the Plan, the Debtors seek to extend the Exclusivity Periods out of an abundance of caution, through and including June 10, 2019 and August 9, 2019, respectively, without prejudice to the Debtors' right to seek further extensions of both periods. This is the Debtors' first request for an extension of the Exclusivity Periods.

**JURISDICTION AND VENUE**

4.   This court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5.   The legal predicate for the relief requested herein is section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**").

**BACKGROUND**

6.   On December 12, 2018 (the "**Petition Date**"), each of the Debtors commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Chapter 11 Cases**"). The Chapter 11 Cases are jointly administered.

7.   The Debtors continue to manage and operate their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

8.   On December 20, 2018, the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed a creditors' committee in the Chapter 11 Cases (the "**Creditors' Committee**") [Docket No. 92]. On January 29, 2019, the U.S. Trustee appointed an equity committee in the Chapter 11 Cases (the "**Equity Committee**") [Docket No. 279]. No trustee or examiner has been appointed in the Chapter 11 Cases.

9.   On March 11, 2019, the Debtors filed the Plan and the *Third Amended Disclosure Statement for the Third Amended Joint Plan of Reorganization of Synergy Pharmaceuticals Inc. and its Debtor Affiliate* [Docket No. 518] (the "**Disclosure Statement**"). On March 13, 2019, the Court entered an order approving, among other things, the adequacy of the Disclosure Statement and certain procedures for solicitation of votes on the Plan [Docket No. 541] (the "**Disclosure Statement Order**").

**BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY**

**I.     The Court Can Extend the Exclusivity Periods for Cause Shown.**

10.    Bankruptcy Code section 1121(b) provides for an initial 120-day Plan Period. 11 U.S.C. § 1121(b). Bankruptcy Code section 1121(c) further provides for an initial 180-day Solicitation Period. *Id*. §1121(c).

11.    Under Bankruptcy Code section 1121(d), the Court may extend the Exclusivity Periods for cause. Specifically, Bankruptcy Code section 1121(d)(1) provides: "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause . . . increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). Courts in this District and elsewhere have identified several factors relevant to whether cause exists under Bankruptcy Code section 1121(d), including the following:

 (a)   the size and complexity of the case;

 (b)   the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

 (c)   the existence of good-faith progress toward reorganization;

 (d)   the fact that the debtor is paying its bills as they become due;

 (e)   whether the debtor has demonstrated reasonable prospects for filing a viable plan;

 (f)   whether the debtor has made progress in negotiations with its creditors;

 (g)   the amount of time which has elapsed in the case;

 (h)   whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

 (i)   whether an unresolved contingency exists.

*In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 409 (E.D.N.Y. 1989); *In re McLean Indus.*,

*Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987); *In re Borders Grp., Inc.*, 460 B.R. 818, 822 (Bankr. S.D.N.Y. 2011). The above factors are not the exclusive bases for the exercise of the Court's discretion to extend the Exclusivity Periods. *See Adelphia*, 352 B.R. at 586–87. Not all of these factors are relevant in every case, and courts use only the relevant subset of factors to determine whether cause exists to grant an exclusivity extension in a particular chapter 11 case. *See Borders*, 460 B.R. at 823–26 (relying on five factors "to the extent applicable" in the case).

12. Bankruptcy Code section 1121(d) authorizes a bankruptcy court to extend the Plan Period by as much as 18 months and the Solicitation Period by up to 20 months for cause, based upon the relevant facts and circumstances. The legislative history of section 1121 indicates that "cause" is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231–32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 (noting that Congress intended to give Bankruptcy Courts great flexibility to protect a debtors' interests by allowing a debtor an unimpeded opportunity to negotiate settlement of debts without interference from other parties-in-interest).

13. As set forth herein, the facts and circumstances of these Chapter 11 Cases warrant the requested extension of the Exclusivity Periods.

**II.    Cause Exists to Extend the Exclusivity Periods.**

    **A.    The Complexity of the Debtors' Chapter 11 Cases Justifies the Requested Extension.**

14. The size and complexity of a debtor's chapter 11 case can alone constitute cause to extend the Exclusivity Periods. *See In re Texaco Inc.*, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods."); *see also Bunch v. Hoffinger*

*Indus., Inc. (In re Hoffinger Indus., Inc.)*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) (affirming extension of exclusivity period to over eighteen months because of "the complexity of the debtor's case"); *In re Highland Park Assocs. Ltd. P'Ship I*, 130 B.R. 55, 60 (Bankr. N.D. Ill. 1991) (finding that "the complexities of this case warrant an extension"); H.R. Rep. No. 95-595, at 232 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement.").

15. The complexity of the Chapter 11 Cases is apparent. As the Court is aware, the Debtors ran a sale and marketing process and successfully closed the resulting best offer while concurrently navigating the Chapter 11 Cases. That process was hard fought, as the Debtors received opposition to the bidding procedures governing the marketing process and to the sale itself. In all instances, the Debtors have worked to consensually resolve issues when possible. In addition, the Debtors have worked to move quickly through the Chapter 11 Cases to preserve value for constituents, given the considerable costs associated with an extended chapter 11 process, especially due to the fact that two statutory committees have been appointed in the Chapter 11 Cases.

16. While the Debtors have made substantial progress in the Chapter 11 Cases—including closing a sale of substantially all of the Debtors' assets and negotiating and filing the Plan—each of these processes has entailed substantial complexity and required the investment of substantial time and resources to progress. An extension of the Exclusivity Periods will facilitate the orderly completion of the Plan solicitation and confirmation process and ensure that the substantial progress the Debtors and their constituents have already made is not disrupted.

**B.     The Debtors Have Made Substantial Progress Administering the Chapter 11 Cases.**

17.     Given the complexity of the issues facing the Debtors and divergent interests of their stakeholders, the Debtors may require more time to complete the solicitation and confirmation process. Nonetheless, the Debtors have made substantial progress effectively administering the Chapter 11 Cases. The Debtors' management, employees, and advisors have devoted substantial time and effort to a number of tasks necessary to effectively and fairly administer the Chapter 11 Cases since the Petition Date, including the following:

(a)     obtaining relief on a final basis for numerous "first day" and "second day" motions, all of which were necessary to facilitate a smooth transition into chapter 11, including authorization to (i) continue prepetition customer programs, (ii) pay prepetition wages, salaries, benefits, and related obligations, (iii) pay prepetition claims of critical vendors, (iv) continue using their existing cash management system, (v) approve utility deposit and adequate protection procedures, and (vi) pay prepetition taxes and related obligations;

(b)     proposing, negotiating, amending, and finalizing the terms of the senior secured, super-priority multiple delayed draw term loan credit facility (the "**DIP Facility**"), on and subject to the terms and conditions set forth in the *Senior Secured, Priming and Superpriority Debtor-in-Possession Credit Agreement* (the "**DIP Credit Agreement**") made by and among the Debtors and CRG Servicing LLC ("**CRG**"), as administrative agent and collateral agent (in such capacities, together with its successors and assigns, the "**DIP Loan Agent**") and each of the lenders party thereto (the "**DIP Lenders**"), with the final order approving the DIP Facility being entered on February 26, 2019;

(c)     developing a key employee incentive plan to retain and motivate the talent necessary to maximize value for stakeholders;

(d)     proposing, negotiating, and finalizing the terms of the bidding procedures, with an order approving the bidding procedures being entered on January 7, 2019;

(e)     running a marketing process and engaging with potential purchasers pursuant to the approved bidding procedures;

(f)     obtaining approval of the sale of substantially all of the Debtors' assets to Bausch Health Companies Inc. and its wholly owned subsidiary Bausch Health Ireland Limited (collectively, the "**Purchaser**"), with the order approving the sale being entered on March 1, 2019;

(g) proposing, negotiating, and filing the Plan, following intensive negotiations with the Creditors' Committee, the Equity Committee, and the DIP Loan Agent concerning the Plan's release and exculpation provisions and other matters;

(h) proposing, negotiating, and filing the Disclosure Statement, with the Disclosure Statement Order being entered on March 13, 2019;

(i) preparing and filing the Debtors' monthly operating reports; and

(j) developing a collaborative working relationship with key parties in these Chapter 11 Cases by responding to various diligence requests, consulting with, and incorporating comments of the DIP Lenders, the Creditors' Committee, the Equity Committee, the U.S. Trustee, and the Purchaser.

18. In light of the foregoing, there can be no doubt that the Debtors have acted diligently to make progress on a number of fronts during the initial months of these Chapter 11 Cases and that they intend to continue to do so for the remainder of the cases. The Debtors, therefore, submit that their significant progress in the Chapter 11 Cases weighs in favor of extending the Exclusivity Periods.

### C. The Debtors Have Engaged Constructively with Stakeholders To Address Key Case Issues

19. In addition to the various tasks set forth above, the Debtors have continued to engage constructively with their key stakeholders to address their principal restructuring objectives. For example, the Debtors amended their key employee incentive plan to incorporate comments from the Creditors' Committee. The bidding procedures that the Debtors proposed, and that were ultimately approved, similarly reflected input from the Creditors' Committee, the U.S. Trustee, and the Ad Hoc Committee of Equity Holders.

20. In addition, the Debtors worked diligently to resolve the Creditors' Committee's objections to the validity of the Prepayment Premium (as defined in the Prepetition Term Loan Agreement) under the Term Loan Agreement dated as of September 1, 2017 between the Debtors, as obligors, and CRG, as administrative agent and collateral agent (in such capacities,

the "**Term Loan Agent**") (the "**Prepetition Term Loan Agreement**") and corollary objections to the Debtors' DIP Facility. These negotiations culminated in (a) a Court-approved settlement among the Debtors, the Creditors' Committee, and the lenders under the Prepetition Term Loan Agreement (the "**Prepetition Lenders**") [Docket No. 450] and (b) approval of the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors To Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 454] (the "**Final DIP Order**"), as the Equity Committee elected not to pursue its objection to the Final DIP Order following approval of the settlement.

21. The Plan and Disclosure Statement also reflect the arm's-length resolution of disputes concerning the Plan's release and exculpation provisions and certain other elements of the Plan, as memorialized in a stipulation among the Debtors, the Creditors' Committee, the Equity Committee, and CRG (the "**Plan Settlement Stipulation**"). Pursuant to the Plan Settlement Stipulation, the Creditors' Committee has agreed to support the Plan, and the Equity Committee has agreed not to object to certain key provisions thereof.

22. By accomplishing the foregoing, the Debtors have made clear time and again that they are committed to engaging proactively with stakeholders in order to reach consensual resolution of key case issues whenever possible.

    **D.**    **The Debtors Require Additional Time to Confirm a Plan of Reorganization.**

23. In light of the progress made to date and the filing of what the Debtors submit is a confirmable Plan, the Debtors request an extension of the Exclusivity Periods to allow the Debtors additional time, if necessary, to complete the Plan solicitation and confirmation process. While the Debtors intend to complete this process on the timeline contemplated by the Disclosure Statement Order—that is, the Debtors intend to complete solicitation on April 11,

2019, and seek confirmation of the Plan on April 23, 2019—they seek, out of an abundance of caution, an extension of their Exclusivity Periods to ensure that solicitation and confirmation continue in an orderly fashion, without the costly disruption and instability that would occur if competing plans were proposed either before the Plan is confirmed, or, if the Plan is not confirmed, before the Debtors have a meaningful opportunity to work with their key constituencies to put forth an amended proposal.

### E. The Requested Extension Will Not Prejudice Other Parties-in-Interest.

24. This Motion is the Debtors' first request for an extension of the Exclusivity Periods and is made within four months of the Petition Date. The Debtors are not seeking an extension to unfairly prejudice or pressure creditors. As discussed above, the Debtors have worked closely with their key constituencies and the Debtors believe that the Plan they have proposed will be confirmed following a hearing to consider confirmation of the Plan. Moreover, the Debtors need creditor support to confirm the Plan, so they are in no position to impose or pressure their creditors as a whole to accept unwelcome plan terms. *See* 11 U.S.C. § 1129(a)(10).

25. While the Debtors have already filed the Plan, they seek an extension of the Exclusivity Periods out of an abundance of caution to further mitigate the risks associated with a premature loss of exclusivity. The proposed extension of the Plan Period will protect the Debtors' exclusive rights against unexpected contingencies. Similarly, the requested extension of the Solicitation Period will afford the Debtors additional time to continue solicitation of votes on the Plan, and ultimately confirm the Plan. Accordingly, the Debtors believe that the customary extensions of time requested in this Motion are appropriate given the needs of the Chapter 11 Cases and in the best interests of stakeholders. Indeed, courts in this District have routinely granted similar relief. *See*, *e.g.*, *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Feb. 15, 2019); *In re Aralez Pharm. US Inc.*, Case No. 18-12425 (MG) (Bankr.

S.D.N.Y. Feb. 14, 2019); *In re Breitburn Energy Partners LP*, Case No. 16-11390 (SMB) (Bankr. S.D.N.Y. Dec. 14, 2016); *In re The Great Atl. & Pac. Tea Co.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Nov. 13, 2015).

### F. The Debtors Are Meeting Their Postpetition Obligations.

26. Courts considering whether to extend a debtor's exclusivity periods also may assess whether the debtor is paying its debts when they come due. *See McLean*, 87 B.R. at 834. Here, the Debtors are paying their undisputed postpetition obligations as they come due.

### NOTICE

27. Notice of this Motion will be given to: (a) William K. Harrington, U.S. Trustee; (b) counsel to the Term Loan Agent and DIP Agent; (c) counsel to the Creditors' Committee; (d) counsel to the Equity Committee; (e) counsel to the Purchaser; (f) the Securities and Exchange Commission; (g) the Food and Drug Administration; (h) the United States Attorney for the Southern District of New York; and (i) all parties entitled to notice pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"). The Debtors submit that no other or further notice is required.

### NO PRIOR REQUEST

28. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

The Debtors respectfully request that this Court enter an Order, substantially in the form annexed hereto, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: New York, New York
       March 21, 2019

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

*/s/ Ron E. Meisler*
Lisa Laukitis
Christine A. Okike
Four Times Square
New York, New York 10036-6522
Telephone: (212) 735-3000
Fax: (212) 735-2000

– and –

Ron E. Meisler (admitted *pro hac vice*)
Christopher M. Dressel (admitted *pro hac vice*)
Jennifer Madden (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0700
Fax: (312) 407-0411

– and –

TOGUT, SEGAL & SEGAL LLP
Albert Togut
Neil M. Berger
Kyle J. Ortiz
One Penn Plaza
Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Fax: (212) 967-4258

*Co-Counsel to Debtors
and Debtors-in-Possession*

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* <br><br> **SYNERGY PHARMACEUTICALS INC.,** *et al.*, <br><br> Debtors.[1] | Chapter 11 <br><br> Case No. 18-14010 (JLG) <br><br> Jointly Administered |

**ORDER EXTENDING DEBTORS' EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF**

Upon consideration of the motion (the "**Motion**")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") for entry of an order (this "**Order**") under Bankruptcy Code section 1121(d) (a) extending the exclusive period to file a chapter 11 plan (the "**Plan Period**") for each of the Debtors through and including June 10, 2019, and (b) extending the exclusive period to solicit acceptances of a chapter 11 plan (the "**Solicitation Period**" and, together with the Plan Period, the "**Exclusivity Periods**") for each of the Debtors through and including August 9, 2019; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and due and sufficient notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the relief requested being a reasonable exercise of the Debtors' sound business judgment consistent with its fiduciary duties and in the best interests of the Debtors, their estates and their creditors; and after due deliberation thereon and sufficient cause appearing therefor; it is hereby:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Synergy Pharmaceuticals Inc. (5269); Synergy Advanced Pharmaceuticals, Inc. (4596). The address of the Debtors' corporate headquarters is 620 Lee Road, Chesterbrook, Pennsylvania 19087.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, ADJUDGED AND DECREED that:**

1. The relief requested in the Motion is GRANTED as set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Plan Period is extended through and including June 10, 2019.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Solicitation Period is extended through and including August 9, 2019.

4. Nothing herein shall prejudice (a) the Debtors' right to seek further extensions of the Exclusivity Periods as may be necessary or appropriate or (b) the right of any party-in-interest to seek to reduce the Exclusivity Periods for cause in accordance with section 1121(d) of the Bankruptcy Code.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

6. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
_____, 2019

_____
HONORABLE JAMES L. GARRITY JR.
UNITED STATES BANKRUPTCY JUDGE