UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re* | Chapter 11 |
| **SYNERGY PHARMACEUTICALS INC.,** *et al.*, | Case No. 18-14010 (JLG) |
| Debtors.[1] | Jointly Administered<br>Related Docket Nos. 609, 639 & 645 |

**ORDER (I) APPROVING SETTLEMENT AMONG THE DEBTORS, CRG SERVICING LLC, THE CREDITORS' COMMITTEE, THE EQUITY COMMITTEE, AND HOULIHAN LOKEY CAPITAL, INC. AND (II) FINDING THAT PROPOSED MODIFICATIONS TO THE PROPOSED PLAN DO NOT REQUIRE FURTHER SOLICITATION**

Upon the motion (the "**Motion**")[2] of the Debtors for entry of an order (this "**Order**") under section 105 and section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019(a) and Rule 9019; (a) approving the settlement among the Debtors, CRG Servicing LLC ("**CRG**"), the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), the Official Committee of Equity Security Holders (the "**Equity Committee**"), and Houlihan Lokey Capital, Inc. ("**Houlihan**"); (b) finding that the Equity Committee Settlement, including the settlement payment to holders of Allowed Interests contemplated thereunder and set forth in the Plan Modifications, has no impact on the deemed rejection under the Plan by the Class of Allowed Interests (Class 8), and that, as a result, the Debtors are not required to solicit votes on the Plan (as modified by the Plan Modifications) from holders of Allowed Interests; (c) finding

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Synergy Pharmaceuticals Inc. (5269); Synergy Advanced Pharmaceuticals, Inc. (4596). The address of the Debtors' corporate headquarters is 620 Lee Road, Chesterbrook, Pennsylvania 19087.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

that no holders of Allowed General Unsecured Claims (Class 4) are materially or adversely affected by the Equity Committee Settlement and, accordingly, that the Debtors are not required to resolicit votes on the Plan, as modified by the Plan Modifications; and (d) finding that notice of this Motion and disclosure of the Equity Committee Settlement thereby satisfies any applicable and incremental requirements under 11 U.S.C. § 1125 with respect to the Plan as modified by the Plan Modifications; and due sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary except as provided herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby:

**ORDERED, ADJUDGED AND DECREED that:[3]**

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The Settlement Term Sheet, attached as **Exhibit 1** hereto, is **APPROVED** in its entirety under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019. The terms and provisions of the Settlement Term Sheet are incorporated by reference into, and are an integral part of, this Order. Each term of the Settlement Term Sheet is valid, binding, and enforceable as fully set forth herein.

3. The Plan is hereby modified as reflected in the modified Plan attached hereto as **Exhibit 2**.

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute finding of fact, they are adopted as such.

4. The Plan Modifications do not adversely affect the treatment of any creditor or the interest of any equity security holder, other than CRG, which has accepted the Plan Modifications in writing.

5. The Plan, as modified by the Plan Modifications, is deemed accepted by all classes of claims that previously voted to accept the Plan or who vote to accept the Plan pursuant to the Debtors' initial solicitation.

6. The payment to holders of Allowed Interests (Class 8 under the Plan) pursuant to the Plan Modifications has no impact on the deemed rejection under the Plan by the Class of Allowed Interests and, as a result, the Debtors are not required to solicit votes on the Plan (as modified by the Plan Modifications) from holders of Allowed Interests.

7. The holders of Allowed general unsecured claims are not adversely affected by the Equity Committee Settlement and, accordingly, no re-solicitation of the votes of such holders is necessary.

8. The Disclosure Statement, as approved, satisfies the requirements of 11 U.S.C. § 1125 with respect to the Plan, as amended by the Plan Modifications and notice of the Motion and this Order satisfies any applicable and incremental requirements of 11 U.S.C. §1125 with respect to the Plan as modified by the Plan Modifications.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
April 9, 2019

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY JR.
UNITED STATES BANKRUPTCY JUDGE