**Objection Deadline: June 25, 2019 at 4:00 p.m. (Prevailing Eastern Time)**

LATHAM & WATKINS LLP
Richard A. Levy, Esq. (admitted *pro hac vice*)
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Telephone:     (312) 876-7700
Facsimile:     (312) 993-9767
Email:         richard.levy@lw.com

– and –

Jeffrey Mispagel, Esq.
885 Third Avenue
New York, NY 10022
Tel:           (212) 906-1200
Fax:           (212) 751-4864
Email:         jeffrey.mispagel@lw.com

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SYNERGY PHARMACEUTICALS INC., *et al.*,[1] | Case No. 18-14010 (JLG) |
| Debtors. | (Jointly Administered) |

**FIRST AND FINAL FEE APPLICATION OF LATHAM & WATKINS LLP FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS COUNSEL TO OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR THE PERIOD FROM DECEMBER 20, 2018
THROUGH AND INCLUDING MAY 1, 2019**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Synergy Pharmaceuticals Inc. (5269); Synergy Advanced Pharmaceuticals, Inc. (4596). The address of the Debtors' corporate headquarters is 420 Lexington Avenue, Suite 2012, New York, New York 10170.

| | |
|---|---|
| **Name of Applicant:** | Latham & Watkins LLP |
| **Authorized to provide professional services to:** | Official Committee of Unsecured Creditors of Synergy Pharmaceuticals, Inc., *et al*. |
| **Date of retention:** | Order entered on February 26, 2019 retaining Latham & Watkins LLP, *nunc pro tunc* to December 20, 2018 [Docket No. 448] |
| **Period for which compensation and reimbursement is sought:** | December 20, 2018 through May 1, 2019 |
| **Amount of compensation sought as actual, reasonable and necessary for April 2019:** | $157,417.00 |
| **Total compensation sought as actual, reasonable and necessary       :** | $3,470,765.50 |
| **Amount of expense reimbursement sought as actual, reasonable and necessary for April 2019:** | $3,750.41 |
| **Total expenses sought as actual, reasonable and necessary:** | $196,833.43 |

2

This is the first and final fee application (the "**Fee Application**") of Latham & Watkins LLP ("**Latham**"), counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed under the *Order Granting Debtors' Motion for Order pursuant to Bankruptcy Code Sections 105(a) and 331, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 262] (the "**Compensation Order**"). The Fee Application covers the period commencing on December 20, 2018 and ending on May 1, 2019 (the "**Fee Period**"). Latham requests: (a) payment of compensation in the amount of $3,470,765.50 for fees on account of reasonable and necessary professional services rendered to the Committee by Latham during the Fee Period, and (b) reimbursement of actual and necessary expenses in the amount of $196,833.43 incurred by Latham during the Fee Period.

## BACKGROUND

1.      This Court has jurisdiction to hear this Fee Application pursuant to the provisions of 28 U.S.C. §§ 1334 and 157. This proceeding involves the administration of the Debtors' estates, and thus, it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      On December 12, 2018, the Debtors commenced the above-captioned cases (the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code, as amended (the "**Bankruptcy Code**"). On December 20, 2018, the Office of the United States Trustee appointed the Committee. On February 26, 2019, the Court entered the *Order Authorizing Employment and Retention of Latham & Watkins LLP as Counsel to the Official Committee of Unsecured Creditors* Nunc Pro Tunc *to December 20, 2018* [Docket No. 448].

3.      The Retention Order authorizes the Debtors to compensate L&W at its hourly rates charged for services of this type and to reimburse L&W for its actual and necessary out-of-pocket

3

US-DOCS\107362763.2

expenses incurred, subject to application in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines, and any further orders of the Court.

### **CONFIRMATION ORDER AND EFFECTIVE DATE**

4. On April 25, 2019, the Court entered an order confirming the Debtors' *Modified Fourth Amended Joint Plan of Reorganization of Synergy Pharmaceuticals Inc. and Its Debtor Affiliate* [Docket No. 712] (the "**Plan**"). The effective date of the Plan (the "**Effective Date**") occurred on May 1, 2019.

### **PAYMENTS TO LATHAM DURING THE APPLICATION PERIOD**

5. Pursuant to the Compensation Order, and as set forth in the table below, as of the date of this Application the Debtors have paid Latham 80% of the net fees and 100% of the expenses requested in Latham's first monthly fee statement [Docket No. 564] for the months of December 2018 (a stub period), January and February 2019.

| Dated | Monthly Statement | Total Fees Requested (100%) | Expenses Requested (100%) | Payment Received | Remaining Balance for Monthly Fee Statement |
|---|---|---|---|---|---|
| 3/18/2019 | First (12/20/2018 through 2/28/2019) | $2,821,243.50 | $116,554.87 | $2,373,549.67 | $564,248.70 |

6. The objection deadline to Latham's second monthly fee statement [Docket No. 726] has also passed and, pursuant to the Compensation Order, Latham is entitled to payment of 80% of the net fees ($373,684.00 less 20% holdback) and 100% of the expenses ($76,528.15) incurred for the month of March 2019. As of the date of this Application, Latham has not yet been paid any amount for such services or reimbursed any amount for such expenses.

4

7.     Given the timing of confirmation and the Effective Date of the Plan, Latham did not prepare and serve monthly fee statements for April or May 2019.  As set forth in the table below, Latham incurred the following fees and expenses in April 2019.  Latham has not been paid any amount for such services or reimbursed any amount for such expenses.

| Month | Total Fees Requested (100%) | Expenses Requested (100%) |
|---|---|---|
| April, 2019 | $157,417.00 | $3,750.41 |

8.     Likewise, as of the date of filing this Application, Latham has not generated final invoices for post-emergence services rendered in May or June 2019, all of which relate to the preparation of this Application and assisting other retained professionals in the finalization of their respective fee applications, and thus, Latham has not been paid for such services.  Latham has included a $25,000 fee estimate for the post-effective period in May and June 2019 in this Application.  Latham will adjust this amount at the Hearing to accurately reflect the fees and expenses incurred by Latham during such time period and will provide supporting invoices for same.

**SERVICES RENDERED AND EXPENSES INCURRED**

9.     Attached as **Exhibit A** hereto are time entry records for the Fee Period that were recorded in tenths of an hour by project category, maintained in the ordinary course of Latham's practice, and that set forth a detailed description of services performed by each attorney and each paralegal, analyst, project assistant, and other professional staff on behalf of the Committee.

10.     Attached as **Exhibit B** are itemized records of all expenses for the Fee Period incurred in connection with the performance of Latham's professional services.

11.     A billing summary by individual, setting forth the (i) name and title of each individual for whose work on these chapter 11 cases compensation is sought, (ii) aggregate time expended by such individual, (iii) hourly billing rate for each such individual at Latham's current

US-DOCS\107362763.2

billing rates, and (iv) year of bar admission for each attorney.  This Fee Statement also includes a

summary of compensation sought by project category and a summary of reimbursement sought by

expense type, below.

### BILLING SUMMARY BY INDIVIDUAL[2]

| NAME | TITLE / ADMISSION | HOURLY RATE (2018) | HOURLY RATE (2019) | HOURS (2018) | HOURS (2019) | COMPENSATION TOTAL |
|---|---|---|---|---|---|---|
| **PARTNERS:** | | | | | | |
| Richard A. Levy | Partner; 1983 (IL) | $1,350.00 | $1,455.00 | 44.7[3] | 183[4] | 303,566.25 |
| Matthew L. Warren | Partner; 2008 (IL) | $1,030.00 | $1,175.00 | 94.4[5] | 405.8[6] | 537,235.75 |
| Christopher Harris | Partner; 1997 (CA) and 1998 (NY) | $1,250.00 | $1,345.00 | 66.3 | 126.8[7] | 248,713.50 |
| Zachary Judd | Partner; 2002 (IL) | $1,030.00 | $1,095.00 | 0.6 | 2.2 | 3,027.00 |
| Joseph Kronsnoble | Partner; 1991 (IL) | N/A | $1,395.00 | N/A | 5.2 | 7,254.00 |
| Cathy A. Birkeland | Partner, 1997 (IL) | N/A | $1,240.00 | N/A | 0.4 | 496.00 |
| Drew Levin | Partner; 2009 (CA) | N/A | $1,070.00 | N/A | 10.7 | 11,449.00 |
| David Hammerman | Partner; 2007 (NY) | N/A | $1,175.00 | N/A | 3.7 | 4,347.50 |
| David Barrett | Partner; 1991 (DC) | N/A | $1,205.00 | N/A | 1.9 | 2,289.50 |
| Blake T. Denton | Partner; 2008 (NJ) and 2009 (NY). | $1,030.00 | $1,095.00 | 104.4 | 128.7 | 248,458.50 |
| | | | | | **SUB TOTAL** | $1,366,837.00 |

---

[2] As disclosed in Latham's retention application, Latham adjusts billing rates annually.  Latham increased its hourly rates for 2019 effective January 1, 2019.

[3] Includes 4.5 hours of non-working travel billed at 50%.

[4] Includes 23.2 hours of non-working travel billed at 50%.

[5] Includes 12.5 hours of non-working travel billed at 50%.

[6] Includes 33.1 hours of non-working travel billed at 50%.

[7] Includes 7 hours of non-working travel billed at 50%.

6

| NAME | TITLE / ADMISSION | HOURLY RATE (2018) | HOURLY RATE (2019) | HOURS (2018) | HOURS (2019) | COMPENSATION TOTAL |
|---|---|---|---|---|---|---|
| **ASSOCIATES AND COUNSEL:** | | | | | | |
| Peter Todaro | Counsel; 1996 (VA) and 1997 (DC) | N/A | $1,305.00 | N/A | 1.5 | 1,957.50 |
| Drew Gardiner | Counsel; 2004 (CA) | N/A | $1,040.00 | N/A | 47.5 | 49,400.00 |
| Jeffrey Mispagel | Associate; 2010 (NY) | $975.00 | $1,035.00 | 44.5 | 274.6[8] | 327,081.00 |
| Gail S. Neely | Associate; 2014 (NY) | N/A | $1,015.00 | N/A | 0.5 | 507.50 |
| C. Ryan Jones | Associate; 2017 (NY) | $660.00 | $785.00 | 80.5 | 155.7 | 175,354.50 |
| Lindsey Henrikson | Associate; 2015 (IL) | $755.00 | $860.00 | 68.5 | 307.1[9] | 312,813.50 |
| Melanie Grindle | Associate; 2016 (CA) | N/A | $785.00 | N/A | 12.5 | 9,812.50 |
| Adam Kassner | Associate; 2017 (NY) | N/A | $785.00 | N/A | 10.8 | 8,478.00 |
| Sara Brown | Associate; 2013 (NY) | N/A | $920.00 | N/A | 25.5 | 23,460.00 |
| Sohom Datta | Associate; 2017 (NY) | $660.00 | $785 | 59.8 | 93 | 112,473.00 |
| Zachary F. Proulx | Associate; 2013 (NY) | $930.00 | $1,015.00 | 79.7 | 517.4[10] | 598,470.00 |
| Abhinaya Swaminathan | Associate | $535.00 | $565.00 | 53.9 | 65.1 | 65,618.00 |
| Jason M. Moehlmann | Associate; 2017 (IL) | $535.00 | $675.00 | 39.9 | 128.5 | 108,084.00 |
| Emma Cohen | Associate; 2019 (NY) | $535.00 | $565.00 | 14.2 | 108.4 | 68,843.00 |
| Aan Amin | Associate; 2019 (NY) | $535.00 | $565.00 | 24.7 | 18.9 | 23,893.00 |
| Jonathan Weichselbaum | Associate | N/A | $565.00 | N/A | 6.9 | 3,898.50 |
| Mack Weber | Associate | $535.00 | $565.00 | 21.2 | 21.2 | 23,320.00 |
| Joseph Thomas | Associate; 2019 (IL) | N/A | $565.00 | N/A | 4.5 | 2,542.50 |

---

[8] Includes 1 hour of non-working travel billed at 50%.

[9] Includes 7 hours of non-working travel billed at 50%.

[10] Includes 0.7 hours of non-working travel billed at 50%.

7

US-DOCS\107362763.2

| NAME | TITLE / ADMISSION | HOURLY RATE (2018) | HOURLY RATE (2019) | HOURS (2018) | HOURS (2019) | COMPENSATION TOTAL |
|---|---|---|---|---|---|---|
| Victoria McGrath | Associate; 2019 (NY) | $535.00 | $565.00 | 11 | 10.6 | 11,874.00 |
| Tiffany Chan | Associate; 2019 (NY) | $535.00 | $565.00 | 14 | 83.3 | 54,554.50 |
| | | | | | SUB TOTAL | $1,982,435.00 |
| **PARAPROFESSIONALS:** | | | | | | |
| Jessica Bengels | Senior Manager of Litigation Services | $435.00 | $495.00 | 4 | 4.8 | 4,116.00 |
| Daymon Gaynair | Senior Paralegal | $375.00 | $390.00 | 12.6 | 36.1 | 18,804.00 |
| Megan Dran | Litigation Services Analyst | $340.00 | $355.00 | 15.5 | 7 | 7,775.00 |
| Adria Hirsch | Research and Library Supervisor | $395.00 | $410.00 | 1 | 1 | 805.00 |
| Michelle Goldman | Litigation Services Coordinator | $305.00 | $315.00 | 4 | 15.8 | 6,197.00 |
| Justine Sjoholm | Research Librarian | N/A | $450.00 | N/A | 7.7 | 3,157.00 |
| Gamelin-Arnold Telesfort | Litigation Services Attorney | $380.00 | $395.00 | 1 | 2.7 | 1,446.50 |
| Elizabeth Arnold | Senior Paralegal | N/A | $460.00 | N/A | 75 | 34,500.00 |
| Julie Pabarja | Research and Library Supervisor | N/A | $410.00 | N/A | 2 | 820.00 |
| Monica Mahal | Litigation Services Coordinator | $305.00 | $315.00 | 1 | 12.1 | 4,116.50 |
| Andy Siegler | Paralegal | N/A | $380.00 | N/A | 5 | 1,900.00 |
| Jonathan Hartnett | Research Librarian | N/A | $410.00 | N/A | 0.2 | 82.00 |
| Maria Jamass | Research and Library Coordinator | N/A | $300.00 | N/A | 0.5 | 150.00 |
| Barbara Mojek-Ozdemir | Practice Support Analyst | N/A | $320.00 | N/A | 2.4 | 768.00 |
| Ian McMillan | Practice Support Analyst | $300.00 | $320.00 | 2.5 | 2.3 | 1,486.00 |
| Jennifer Meyer | Litigation Services Attorney | N/A | $395.00 | N/A | 3.1 | 1,870.50 |

8

| NAME | TITLE / ADMISSION | HOURLY RATE (2018) | HOURLY RATE (2019) | HOURS (2018) | HOURS (2019) | COMPENSATION TOTAL |
|---|---|---|---|---|---|---|
| Renee Plexousakis | eDiscovery Lead Attorney, Litigation Services | N/A | $395.00 | N/A | 1.4 | 553.00 |
| Kelly Foxhall-Ridgeway | Global Practice Support Project Analyst | $300.00 | N/A | 1.5 | N/A | 450.00 |
| Brendan Hickey | Court Generalist | $305.00 | $315.00 | 1.7 | 20.9 | 7,102.00 |
| Elena Gorodetsky | Senior Research Librarian | $395.00 | N/A | 1 | N/A | 395.00 |
| | | | | | SUB TOTAL | $96,493.50 |

## BILLING SUMMARY BY CATEGORY

| PROJECT CATEGORY | TOTAL HOURS | TOTAL FEES |
|---|---|---|
| Case Administration (-0001) | 155.8 | 111,095.00 |
| Committee Meetings (-0002) | 92.1 | 95,953.00 |
| Cash Collateral (-0003) | 238.0 | 240,090.50 |
| Lien Analysis (-0004) | 0.7 | 1,018.50 |
| Plan and Disclosure Statement (-0005) | 280.7 | 304,326.00 |
| Asset Disposition (-0006) | 267.8 | 282,135.50 |
| Litigation (-0008) | 2,146.9 | 1,858,748.50 |
| Tax (-0010) | 3.3 | 4,603.50 |
| Employment and Fee Applications (-0011) | 131.5 | 97,546.50 |
| Employment and Fee Objections (-0012) | 13.1 | 14,384.50 |
| Claims Administration and Objections (-0013) | 163.9 | 162,090.50 |
| Business Operations (-0014) | 2.1 | 2,467.50 |
| Assumption and Rejection of Leases and Contracts (-0015) | 0.5 | 517.50 |
| Employee Benefits and Pensions (-0016) | 25.6 | 25,439.00 |
| Hearings (-0017) | 30.0 | 36,335.00 |
| Meetings and Communications with Creditors (-0018) | 11.2 | 10,164.50 |
| Non-working travel (-0020) *(billed at 50%)* | 112.8 | 68,902.00 |
| Motions (-0021) | 58.0 | 39,573.50 |
| Asset Analysis and Recovery (-0023) | 97.7 | 90,374.50 |
| **Total** | **3,831.7** | **3,445,765.50** |

9

**EXPENSE SUMMARY**

| EXPENSE CATEGORY | TOTAL EXPENSES |
|---|---|
| Docket Research | 478.86 |
| Document Processing | 1,829.50 |
| Practice Support | 31,878.00 |
| Laser Copy | 5,944.90 |
| Binding | 80.00 |
| Legal Research | 90,314.35 |
| CourtCall | 72.00 |
| Court Costs | 144.00 |
| Postage | 123.06 |
| Database Research | 20.41 |
| Federal Express and Messenger | 3,213.25 |
| Filing Fees | 828.50 |
| Audio / Video Conferencing | 362.29 |
| Ground Transportation – Out of Town | 2,841.56 |
| Ground Transportation – Local | 704.98 |
| Parking – Out of Town | 366.00 |
| Meal Services | 3,076.87 |
| Meals – Out of Town | 1,759.91 |
| Transcripts | 4,518.50 |
| Airfare/Trainfare | 4,166.29 |
| Travel Expenses | 13,630.17 |
| Wireless Data | 202.83 |
| Wireless Fees | 185.00 |
| BDO Invoices | 30,092.20 |
| **TOTAL EXPENSES** | **$196,833.43** |

**SERVICES RENDERED BY LATHAM DURING THE APPLICATION PERIOD**

A.    **Case Overview**

12.    The Committee and Latham's accomplishments during the Chapter 11 Cases were numerous, especially in light of many complicated and time-sensitive issues faced by the Debtors and the Committee throughout the Chapter 11 Cases.  As described in more detail below, principally, Latham (a) assisted the Committee in successfully negotiating the consensual resolution of these Chapter 11 Cases, leading to the consummation of the Debtors' Plan, all while preserving the rights and claims of interested parties; and (b) succeeded in advising the Committee

US-DOCS\107362763.2

with a complicated process for the sale of substantially all of the Debtors' assets in a very short timeframe.

**B.      Hourly Fee/Expense Summary**

13.      The legal services rendered by Latham to the Committee fall within the nineteen categories described in Section C, *infra*.  Such legal services are set forth in the following exhibits that report in detail the description of the legal services rendered by Latham, the dates on which Latham's attorneys and paraprofessionals rendered such legal services, the identity of those attorneys and paraprofessionals, their rates, the time spent by each such attorney and paraprofessional, and the itemized expenses incurred and a summary of expenses by major category:

14.      Latham has neither shared nor agreed to share its compensation for services rendered in or in connection with this Chapter 11 Cases with any other person.

**C.      Project Billing: Description of Services by Billing Category**

15.      During the Application Period, Latham provided the following services, separated into the billing categories identified below:

| No. | Name | Service Description |
|---|---|---|
| 0001 | Case Administration | This category consists of time spent, among other things, on coordination and compliance matters not covered by another category, including, but not limited to, preparing exhibit binders and agendas, preparing for and participating in strategic meetings.<br><br>The total amount of fees allocated to this category is $111,095.00 during the Application Period.  The total amount of hours allocated to this category during the Application Period is 155.8. |
| 0002 | Committee Meetings | This category consists of time spent, among other things, preparing for and attending committee meetings. |

11

| No. | Name | Service Description |
|---|---|---|
| | | The total amount of fees allocated to this category is $95,953.00 during the Application Period. The total amount of hours allocated to this category during the Application Period is 92.1. |
| 0003 | Cash Collateral | This category consists of time spent, among other things, on matters pursuant to Bankruptcy Code §§ 361 and 363, including analyzing the use of cash collateral and budget review.<br><br>The total amount of fees allocated to this category is $240,090.50 during the Application Period. The total amount of hours allocated to this category during the Application Period is 238.0. |
| 0004 | Lien Analysis | This category consists of time spent, among other things, analyzing and objecting to secured claims, conducting loan document analysis.<br><br>The total amount of fees allocated to this category is $1,018.50 during the Application Period. The total amount of hours allocated to this category during the Application Period is 0.7. |
| 0005 | Plan and Disclosure Statement | This category consists of time spent, among other things, revising and negotiating the Plan and disclosure statement (and corresponding schedules and orders), plan supplements, and drafting and negotiating the litigation trust agreement.<br><br>The total amount of fees allocated to this category is $304,326.00 during the Application Period. The total amount of hours allocated to this category during the Application Period is 280.7. |
| 0006 | Asset Sales | This category consists of time spent, among other things, on sales and transaction work related to disposition of estate assets, including, but not limited to, revising and negotiating bidding procedures, reviewing and advising on bids, and advising on the sale of substantially all of the Debtors' assets.<br><br>The total amount of fees allocated to this category is $282,135.50 during the Application |

US-DOCS\107362763.2

| No. | Name | Service Description |
|---|---|---|
| | | Period. The total amount of hours allocated to this category during the Application Period is 267.8. |
| 0008 | Litigation | This category consists of time spent, among other things, responding to various realized and threatened litigation matters, including, but not limited to, conducting depositions, preparing witnesses, preparing and responding to discovery requests, and negotiating and drafting pleadings and settlement documents. The total amount of fees allocated to this category is $1,858.748.50 during the Application Period. The total amount of hours allocated to this category during the Application Period is 2,146.9. |
| 0010 | Tax | This category consists of time spent, among other things, analysis and advice related to taxation issues. The total amount of fees allocated to this category is $4,603.50 during the Application Period. The total amount of hours allocated to this category during the Application Period is 3.3. |
| 0011 | Employment and Fee Applications | This category consists of time spent, among other things, drafting retention applications and preparing monthly fee statements and fee applications. The total amount of fees allocated to this category is $97,546.50 during the Application Period. The total amount of hours allocated to this category during the Application Period is 131.5.[11] |
| 0012 | Employment and Fee Objections | This category consists of time spent, among other things, responding to formal and informal inquiries regarding fees. The total amount of fees allocated to this category is $14,384.50 during the Application Period. The total amount of hours allocated to |

---

[11] This breakdown excludes Latham's $25,000 estimate for fees and expenses incurred in May and June 2019 in connection with the preparation of this Application.

13

| No. | Name | Service Description |
|---|---|---|
| | | this category during the Application Period is 13.1. |
| 0013 | Claims Administration and Objections | This category consists of time spent, among other things, addressing and resolving claims.<br><br>The total amount of fees allocated to this category is $162,090.50 during the Application Period. The total amount of hours allocated to this category during the Application Period is 163.9. |
| 0014 | Business Operations | This category consists of time spent, among other things, on advising on and assessing operational issues.<br><br>The total amount of fees allocated to this category is $2,467.50 during the Application Period. The total amount of hours allocated to this category during the Application Period is 2.1. |
| 0015 | Assumption and Rejection of Leases and Contracts | This category consists of time spent, among other things, analyzing the Debtors' contracts.<br><br>The total amount of fees allocated to this category is $517.50 during the Application Period. The total amount of hours allocated to this category during the Application Period is 0.5. |
| 0016 | Employee / Benefit Matters | This category consists of time spent, among other things, on reviewing and negotiating key employee documents, including, but not limited to, executive employee settlement agreements, amended employment agreements, indemnification agreements, and severance plans.<br><br>The total amount of fees allocated to this category is $25,439.00 during the Application Period. The total amount of hours allocated to this category during the Application Period is 25.6. |
| 0017 | Hearings | This category consists of time spent, among other things, preparing for and attending hearings in front of the Court.<br><br>The total amount of fees allocated to this category is $36,335.00 during the Application |

14

US-DOCS\107362763.2

| No. | Name | Service Description |
|---|---|---|
| | | Period. The total amount of hours allocated to this category during the Application Period is 30.0. |
| 0018 | Meetings and Communications with Creditors | This category consists of time spent, among other things, communicating on a regular basis with unsecured creditors, including updating the creditors' website.<br><br>The total amount of fees allocated to this category is $10,164.50 during the Application Period. The total amount of hours allocated to this category during the Application Period is 11.2. |
| 0020 | Non-Working Travel | This category consists of time spent on non-working travel.<br><br>The total amount of fees allocated to this category is $68,902.00 during the Application Period. The total amount of hours allocated to this category during the Application Period is 112.8. |
| 0021 | Motions | This category consists of time spent, among other things, drafting and revising motions and pleadings.<br><br>The total amount of fees allocated to this category is $39,573.50 during the Application Period. The total amount of hours allocated to this category during the Application Period is 58.0. |
| 0023 | Asset Analysis and Recovery | This category consists of time spent, among other things, analyzing the Debtors' assets and recovery to unsecured creditors.<br><br>The total amount of fees allocated to this category is $90,374.50 during the Application Period. The total amount of hours allocated to this category during the Application Period is 97.7. |

### Latham's Requested Compensation and Reimbursement Should be Allowed

16.     Section 330 of the Bankruptcy Code provides that a court may award a professional

employed under section 327 of the Bankruptcy Code "reasonable compensation for actual

US-DOCS\107362763.2

necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

17. Latham respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates. Latham further believes that it performed the services for the Committee economically, effectively, and efficiently, and the results obtained benefited not only general unsecured creditors, but also the Debtors' estates. Latham further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services.

18. The hourly rates and corresponding rate structure utilized by Latham in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by Latham for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. Latham strives to be efficient in the staffing of matters. These rates

and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

19.     In sum, Latham respectfully submits that the professional services provided by Latham on behalf of the Committee during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by Latham, the nature and extent of Latham's services provided, the value of Latham's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, Latham respectfully submits that approval of the compensation sought herein is warranted and should be approved.

[Remainder of Page Intentionally Left Blank]

17

US-DOCS\107362763.2

WHEREFORE, Latham requests: (a) final approval and payment of compensation in the amount of $3,470,765.50 for fees on account of reasonable and necessary professional services and (b) reimbursement of actual and necessary costs and expenses in the amount of $196,833.43.

Dated: June 4, 2019
New York, New York

Respectfully Submitted,

*/s/ Richard A. Levy*
Richard A. Levy, Esq. (*admitted pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, IL 60611
Telephone:    (312) 876-7700
Facsimile:    (312) 993-9767
Email:        richard.levy@lw.com

Jeffrey Mispagel, Esq.
885 Third Avenue
New York, NY 10022
Telephone:    (212) 906-1200
Facsimile:    (212) 751-4864
Email:        jeffrey.mispagel@lw.com

*Counsel for the Official Committee*
*of Unsecured Creditors*

18

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| SYNERGY PHARMACEUTICALS INC., *et al.*,[1] | Case No. 18-14010 (JLG) |
| Debtors. | (Jointly Administered) |

<u>**CERTIFICATION OF RICHARD A. LEVY**</u>

I, Richard A. Levy, declare as follows:

1.      I am a partner in the law firm of Latham & Watkins LLP ("**L&W**"), an international law firm with offices across the United States, Europe, and Asia.  I am admitted in, practicing in, and a member in good standing of the state bar of Illinois.

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other L&W professionals or paraprofessionals, or learned from my review of relevant documents.  To the extent any information disclosed herein requires amendment or modification as additional information becomes available to L&W, a supplemental declaration will be submitted to this Court reflecting such amended or modified information.

3.      I have read the foregoing Application of Latham, attorneys for the Committee during the Fee Period.  To the best of my knowledge, information, and belief, the statements contained in the Application are true and correct.  In addition, I believe that the Application

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of their respective tax identification numbers, are as follows: Synergy Pharmaceuticals Inc. (5269); Synergy Advanced Pharmaceuticals, Inc. (4596). The address of the Debtors' corporate headquarters is 420 Lexington Avenue, Suite 2012, New York, New York 10170.

US-DOCS\107362763.2

complies with Local Rule 2016-1 and the *Amended Guidelines for Fees and Disbursements for*

*Professionals in Southern District of New York Bankruptcy Cases*:

a. to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, except as specifically set forth herein;

b. except to the extent disclosed in the Application, the total fees and disbursements sought in the Fee Application are billed at rates customarily employed by Latham and generally accepted by Latham's clients;

c. in providing a reimbursable service, Latham does not make a profit on the service, whether the service is performed by Latham in-house or through a third party;

d. in accordance with Rule 2016(a) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 504, no agreement or understanding exists between Latham and any other person for the sharing of compensation to be received in connection with the above cases except as authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and Local Rules;

e. all services for which compensation is sought were professional services on behalf of the Committee and not on behalf of any other person; and

f. pursuant to the Local Guidelines, the Debtors, the United States Trustee, and the Committee will each be provided with a copy of the Application simultaneously with the filing thereof and will have at least 14 days to review such Application prior to any objection deadline with respect thereto.

4.       To the best of my knowledge, I believe that: (a) Latham is a "disinterested person"

within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of

the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors; and (b)

Latham has no connection to the Committee, the Debtors, their creditors, or their related parties

except as may be disclosed to the Court from time to time.

5.       Other than the periodic adjustments described above, Latham's hourly rates were

consistent with the rates that L&W charges other comparable clients in chapter 11 proceedings,

regardless of the location of the chapter 11 case.  It is my understanding that the Committee

reviewed and approved Latham's standard rate structure and determined that it was appropriate

3

US-DOCS\107362763.2

and is not significantly different from (a) the rates that Latham charges for other non-bankruptcy representations or (b) the rates of other comparably skilled professionals.  Latham and the Committee did not agreed to any variations from, or alternatives to, Latham's standard billing arrangements.

[Remainder of page left intentionally blank.]

4

US-DOCS\107362763.2

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 4, 2019
Chicago, Illinois

/s/ Richard A. Levy
Partner
Latham & Watkins LLP